Norma YU GALAN; et al.,
Petitioners—Appellants,

v.

MORGAN STANLEY DW INC., a Delaware corporation, f/k/a as Morgan Stanley Dean Witter; et al., Respondents–Appellees.

No. 04–56979.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2007 *.

Filed March 27, 2007.

Leonard Steiner, Esq., Steiner & Libo, Beverly Hills, CA, for Petitioners–Appellants.

Kevin K. Fitzgerald, Esq., Jones, Bell, Simpson & Abbott, Los Angeles, CA, Ethan Dettmer, Gibson, Dunn & Crutcher LLP, San Francisco, CA, Terri L. Reicher, Esq., National Association of Securities Dealers, Washington, DC, for Respondents–Appellees.

Before: GOODWIN, BEEZER and TALLMAN, Circuit Judges.

MEMORANDUM **

Appellants (collectively "Yu Galan") challenge the district court's denial of their motion to vacate an arbitration award en-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tered against their brokerage, Appellee Morgan Stanley DW Inc. ("Morgan Stanley"). We affirm.

We review de novo an order confirming or denying vacatur of an arbitration award. *See Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004). The parties are familiar with the facts of the case, and we do not recite them in detail in this disposition.

Yu Galan cites no authority supporting any grounds to vacate the arbitration award. *See Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir.2003) (en banc) (sole grounds for vacating or modifying arbitration award are set forth in Federal Arbitration Act, 9 U.S.C. §§ 10, 11). Yu Galan has not shown that any conduct by Appellees NASD, Inc. or NASD Dispute Resolution, Inc. (collectively "NASD") produced an arbitration award tainted by corruption, fraud or undue influence. There is no support for the proposition that the 1996 training manual provided by NASD overrode or undermined SEC-approved regulations directing NASD's arbitrators to exercise discretion in the assignment of forum fees. Yu Galan fails to establish that the fees assignment is "completely irrational or constitutes manifest disregard of the law." *Poweragent*, 358 F.3d at 1193 (internal quotation marks omitted). The district court properly denied Yu Galan's motion to modify or vacate the arbitration award.

We also reject Yu Galan's argument that NASD lacked standing to file a motion to confirm the arbitration award. Yu Galan elected to name both NASD and Morgan Stanley as respondents in this case; she does not dispute that Morgan Stanley, as a party to the underlying arbitration, is entitled to seek confirmation of the award under 9 U.S.C. § 9. The district court properly granted NASD and Morgan Stan-

ley's joint motion to confirm the arbitration award.

**AFFIRMED.**